Filed 5/25/21  Munro v. First American Title CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| JASON MUNRO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>FIRST AMERICAN TITLE COMPANY,<br><br>    Defendant and Respondent. | B295805<br><br>(Los Angeles County Super. Ct. No. BC370141/JCCP4751) |

APPEAL from an order of the Superior Court of Los Angeles County, Maren E. Nelson, Judge.  Affirmed.

The Bernheim Law Firm, Steven J. Bernheim, Nazo S. Semerjian; Friedman Rubin, Richard H. Friedman; Shernoff Bidart Echeverria, Michael J. Bidart and Steven P. Messner, for Plaintiff and Appellant.

Dentons US, Ronald D. Kent, Joel D. Siegel, Susan M. Walker, and Paul M. Kakuske, for Defendant and Respondent.

Plaintiff Jason Munro (Munro) sued defendant First American Title Company (FATCO) and related entities in 2007, alleging various state law claims. Among them was a claim under California's Unfair Competition Law (UCL) that was predicated on an alleged violation of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2601 et seq.). Some 12 years after the lawsuit was filed, Munro sought leave to file a fourth amended complaint that would add a freestanding RESPA claim (i.e., a violation of RESPA itself, not a violation alleged as a UCL predicate). We consider whether the trial court abused its discretion when it concluded Munro's delay in seeking leave to amend, and the prejudicial effect of such delay on FATCO, warranted denial of leave to amend.

## I. BACKGROUND

### A. *The Initial and Operative Complaints*

Munro and another named plaintiff, Elizabeth Wilmot, purchased homes in California and received title and escrow services from FATCO. In 2007, they filed a putative class action alleging, among other things, they were referred to FATCO for title and escrow services by third parties who received "unlawful inducements" (alternately characterized as referrals or kickbacks) from FATCO. The complaint alleged the inducements violated the UCL because they are unlawful under RESPA, which prohibits giving or receiving anything of value "pursuant to any agreement or understanding . . . that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." (12 U.S.C. § 2607(a).) The complaint did not include a standalone

2

RESPA claim, however, and the complaint took care to assert "[f]ederal jurisdiction over this action does not exist."[1]

After two intervening amendments, Munro filed the operative third amended complaint in 2010. It defines a subclass of persons who paid for title insurance or escrow services by FATCO for property located in California "who were referred to [FATCO] by a home builder or developer who received a commission, compensation, kickback, or other consideration or thing of value from [FATCO]." Munro, the only named plaintiff belonging to this putative subclass, alleges he was referred to FATCO by the developer of his property and the developer received discounts and services from FATCO.

Like all the complaints that preceded it, the operative complaint alleged these referrals or kickbacks constituted unfair competition because they are unlawful under RESPA. No freestanding RESPA claim was alleged, and the complaint continued to include an assertion that "[f]ederal jurisdiction does not exist"—plus the further statement that Munro was seeking class-wide "damages, restitution, and disgorgement of monies wrongfully taken" but not "fine[s] or an administrative penalty." The operative complaint additionally alleged other state law causes of action for breach of fiduciary duty, fraud, and constructive fraud, and these were based, in part, on allegations of inducements paid to homebuilders and developers for referrals.

---

[1] In a related case with a similar UCL claim that was filed by the same attorneys representing Munro, the attorneys defeated FATCO's attempt to remove the action to federal court by contending no federal question jurisdiction exists when a RESPA violation is alleged as the predicate for a UCL violation, rather than on a standalone basis.

## B. *Litigation Stays and the Request to File a Fourth Amended Complaint*

Munro deposed witnesses employed by the developer of his property and FATCO in 2008. He also served interrogatories and requests for production of documents relating to the alleged RESPA violations in 2010 and 2011. The case was stayed intermittently between 2009 and 2016 as the result of a motion to disqualify FATCO's attorneys, various motions in related cases, and appeals.

In April 2018, Munro moved for leave to file a fourth amended complaint, adding a freestanding RESPA claim. (Two months later, Munro also asked to voluntarily dismiss all causes of action other than his UCL claim from the operative complaint, a request the trial court granted.) Munro did not explain why his earlier pleadings did not include a standalone RESPA claim, but he contended there would be no prejudice to FATCO because the amended complaint alleged no new facts and the alleged RESPA violation was already a predicate for recovery under the UCL.

The only statements bearing on when Munro determined further amendment of the complaint was advisable and on the reasons why leave to amend was not sought earlier—both are required by the Rules of Court (Cal. Rules of Court, rule 3.1324(b)(3)-(4))—came in declarations submitted with Munro's reply brief in support of leave to amend. A declaration, authored by Richard Friedman (Friedman), one of Munro's attorneys, stated: "After a review of all of the factual information obtained in discovery, extensive legal research, and many hours of consultation with experts, [Munro's attorneys] recently reached the conclusion that there was no viable class-wide damages theory available under the existing non-RESPA state causes of

4

action, and that a freestanding RESPA cause of action provides an efficient, straightforward damages theory, readily susceptible to class treatment." A declaration by another of Munro's attorneys, Nazo Semerjian (Semerjian), stated, among other things, that FATCO "produced thousands of documents relating to Munro's homebuilder inducement claim, including communications with homebuilders evidencing the negotiation of fees for title and escrow services" in late 2016.

### C. *The Trial Court Denies Leave to Amend*

After hearing argument from counsel and soliciting supplemental briefing, the trial court denied Munro's motion for leave to amend. The trial court concluded Friedman's declaration was improperly submitted only in reply but, regardless, there still was no adequate explanation of when the facts giving rise to the proposed amendment were discovered and why the amendment was not made earlier. The court accordingly found that Munro's request for leave to amend was plagued by delay and, further, that FATCO was prejudiced by that delay.

As to prejudice specifically, the trial court found the proposed amendment would prejudice FATCO in two related ways. First, because the only relief available to Munro under the UCL was restitution, FATCO had "focused its defensive efforts" and discovery practice on "determining whether restitution could be recovered . . . , rather than on defending against the facts supporting the RESPA claim itself." Second, the court found defending against the statutory penalties recoverable under a freestanding RESPA claim would require depositions of third party builders for more than 600 developments concerning transactions that occurred as early as 15 years before, in 2003.

5

The court concluded the proposed pleading change that would require FATCO to locate witnesses and discover what recollection they had of events long ago to defend against a RESPA claim was prejudicial.

After the trial court denied leave to file a fourth amended complaint, Munro asked the trial court to dismiss his UCL claim (the last remaining claim in the operative complaint) to enable him to immediately take an appeal from the trial court's order denying further leave to amend the complaint. That is the appeal now before us for resolution.

## II.  DISCUSSION

The trial court was correct to deny Munro leave to file another amended complaint. In our view, Munro's inadequately explained delay in seeking leave to allege a standalone RESPA claim—which smacks of a conscious, strategic choice to avoid removal of the action to federal court—is reason enough to justify the trial court's decision. But the trial court further found the long delay in alleging a direct RESPA claim would prejudice FATCO, and this was undoubtedly correct: If yet another amendment were permitted, FATCO's ability to defend against assessment of statutory penalties would require the company to undertake far more extensive discovery than it had (to probe whether FATCO accepted any fee, kickback, or thing of value pursuant to an "agreement or understanding" with a developer), and undertaking such discovery would be more burdensome and less productive at this late date.

*A.     Applicable Law and Standard of Review*

"The court may . . . , in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading . . . ." (Code Civ. Pro., § 473,[2] subd. (a)(1).) "We review a denial of leave to amend for abuse of discretion." (*Miles v. City of Los Angeles* (2020) 56 Cal.App.5th 728, 739 (*Miles*).)

Section 473 "has received a very liberal interpretation by the courts of this state. [Citations.] In spite of this policy of liberality, a court may deny a good amendment in proper form where there is unwarranted delay in presenting it. [Citations.] On the other hand, where there is no prejudice to the adverse party, it may be an abuse of discretion to deny leave to amend. [Citation.]" (*Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 544-545; *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175 [reviewing courts are "less likely to find an abuse of discretion where . . . the proposed amendment is """offered after long unexplained delay . . . or where there is a lack of diligence"""'] (*Melican*).) Prejudice to the party opposing a proposed amendment may include increased discovery burdens. (*Magpali v. Farmers Group* (1996) 48 Cal.App.4th 471, 486-487; *Miles*, *supra*, 56 Cal.App.5th at 739.)

---

[2]     Undesignated statutory references that follow are to the Code of Civil Procedure.

B.   *Munro's Tactical Decision to Delay Pleading a Standalone RESPA Claim Warrants Denial of Leave to Amend Even Absent a Showing of Prejudice*

In his opening brief, Munro argues the timing of his motion for leave to amend is not alone sufficient to justify its denial. He lists 23 cases (though only two from this century) intended to establish the proposition that unexplained or unreasonable delay in asserting a claim cannot by itself justify denying leave to amend because a party may amend its pleading at any point in the proceedings, including during trial. The list is incomplete and unconvincing. There is ample authority that a strategic decision to delay asserting a known claim, without any further showing, can justify denial of leave to amend. (See, e.g., *Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 689; *Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 765 ["'even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial'"]; *Record v. Reason* (1999) 73 Cal.App.4th 472, 486; *Melican, supra*, 151 Cal.App.4th at 175; see also *Green v. Rancho Santa Margarita Mortgage Co.* (1994) 28 Cal.App.4th 686, 692 ["There is a platoon of authority to the effect that a long unexcused delay is sufficient to uphold a trial judge's decision to deny the opportunity to amend pleadings, particularly where the new amendment would interject a new issue which requires further discovery"] (*Green*).) That sort of delay is what we have here.

It is indisputable that Munro knew, from the outset of this litigation, that he had a potential claim against defendant for violating RESPA; an asserted RESPA violation was the express predicate of his UCL claim. It also is beyond dispute that

8

Munro's newfound desire to add a standalone RESPA claim to his lawsuit was not predicated on any recently discovered new facts; his briefs in the trial court and this court repeatedly emphasize his proposed fourth amended complaint added no new factual allegations.  In addition, when requesting leave to amend, Munro opted not to provide the explanation of the circumstances and reasons prompting the request as required by the rules of court. (Cal. Rules of Court, rule 3.1324(b) [A party seeking leave to amend should state "(3) [w]hen the facts giving rise to the amended allegations were discovered[ ] and [¶] (4) [t]he reasons why the request for amendment was not made earlier"].)  The reason for the vague, inadequate explanation given is understandable: there simply was no good explanation to provide.[3]

---

[3]  Semerjian's declaration mentions the stay lifted in late 2016 but makes no effort to articulate why Munro did not include the RESPA cause of action in his third amended complaint or why he waited until April 2018 to seek leave to amend. Friedman's declaration is vague and conclusory, mentioning only a "recent" realization of the advisability of pleading a standalone RESPA claim and mentioning documents produced in discovery as late as 2016 without shedding any light on why these documents made a RESPA cause of action any more viable than it was years before.  Friedman's declaration does explain why Munro intended to *dismiss* his state law causes of action, but it is silent as to why he did not plead the RESPA cause of action earlier.  Indeed, Munro's counsel conceded in the trial court that it was "correct" that "there [was] no showing Munro could not have put forth his RESPA claim when his action was filed in 2007."

Instead, Munro's failure to explain, the absence of new facts discovered, Munro's knowledge of the RESPA claim from the outset, and, most tellingly, the conspicuous allegation in all of Munro's complaints that there was no federal jurisdiction over the lawsuit rather obviously signals that the delay in pleading a standalone RESPA claim was to gain a perceived tactical advantage: to avoid removal of the action to federal court. That Munro later changed his mind and decided, after the UCL claim was the only one left standing, that the possibility of removal to federal court was the lesser of the existing evils (particularly in light of established law that prior state court rulings are not binding on a federal court presiding over a removed action (see, e.g., *Granny Goose Foods, Inc. v. Brotherhood of Teamsters* (1974) 415 U.S. 423, 437)) is immaterial.[4] Second guessing one's litigation strategy does not mean the original decision made was not itself strategic. And Munro's conscious, strategic decision to avoid asserting a claim until late in the litigation is proper grounds by itself to refuse to permit amendment. (See, e.g., *Green*, *supra*, 28 Cal.App.4th at 693-694 [acknowledging the defendant's argument "that, in the absence of any prejudice, it was an abuse of discretion not to let the [defendant] amend its pleadings" but holding there was no abuse of discretion in

---

[4] Munro suggests that permitting denial of leave to amend solely on a showing of long, strategically motivated delay in asserting a claim would be inconsistent with section 473, subdivision (a). To be sure, denying leave to amend solely on a showing of neglect, excusable or not, might well create tension with case law interpreting section 473, subdivision (a). But, as the cases we have cited hold, denying leave for the sort of delay involved here does not conflict with section 473, subdivision (a).

10

denying leave to amend when the defendant's "lack of any excuse for not pleading the defense earlier," gave rise to an inference of "legal gamesmanship in its purest sense"].)

### C. The Trial Court Correctly Concluded the Delay Prejudiced FATCO, Which Means Denial of Leave to Amend Was Unquestionably Proper

Munro concedes that "RESPA provides a straightforward statutory penalty not available under the other counts, which raise more complicated issues associated with damages, punitive damages and restitution." Indeed, among other penalties, persons who violate RESPA are "liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." (12 U.S.C. § 2607(d)(2).) Although no such penalty is available under the UCL, Munro contends FATCO had similar exposure on his causes of action for fraud, constructive fraud, and breach of fiduciary duty, for which he sought to recover compensatory and punitive damages.

Even if the *amount* of FATCO's potential liability for compensatory and punitive damages might have been equal to or greater than the penalties available under RESPA—which we do not decide—the trial court's prejudice finding is not based on the magnitude of FATCO's exposure. It is based, rather, on FATCO's calculation that it could defeat Munro's state law causes of action without addressing whether there was a prohibited "agreement or understanding" between FATCO and all the various property developers because Munro was not entitled to restitution or damages.

11

The trial court reasoned FATCO would be prejudiced by the need to "shift gears" from a focus on "determining whether restitution could be recovered under the UCL if the underlying RESPA claim were proven" to "defending against the facts supporting the RESPA claim itself." Unlike Munro's state law causes of action based on alleged RESPA violations, recovery on a freestanding RESPA cause of action would not require proof of entitlement to restitution or damages, which means the focus of FATCO's defense would likely, and maybe even necessarily, switch to establishing the facts concerning FATCO's relationship between all of the various property developers alleged to have paid referral fees or "kickbacks."[5]

Munro nevertheless contends that even if FATCO did not need to defend the underlying RESPA violation earlier in the litigation, FATCO did undertake relevant discovery.[6] Munro

---

[5] Munro faults the trial court for focusing on the UCL without discussing compensatory and punitive damages available under his other state law causes of action. But the trial court's discussion was driven by *Munro*'s emphasis that FATCO needed to defend the underlying RESPA violation in the context of his UCL cause of action. Moreover, the trial court's reasoning—that recovery under the state law causes of action required a showing that a freestanding RESPA claim would not—applies with equal force to all of Munro's state law causes of action.

[6] Munro also argues FATCO "focused its defensive efforts on *preventing* Munro from learning the information needed to prove the RESPA violations." Even if true, this is irrelevant to whether the proposed amendment would prejudice FATCO. The trial court's denial of Munro's motion for leave to amend did not, as Munro puts it, "reward [FATCO] for its 'stonewalling'" because,

12

emphasizes FATCO served document requests and interrogatories relating to the underlying RESPA violations in 2007 and 2008. The trial court acknowledged this discovery, but explained that "very little has been done by way of deposition to explain those documents, including depositions of third party builders themselves . . . . This includes depositions related to some 641 subdivisions." In addition to the burden that taking a large number of additional depositions would place on FATCO, the trial court emphasized witnesses' memories were likely to have faded: "As [FATCO] demonstrated, even when third parties were deposed in 2008 . . . , they had little or no recollection of the transaction." Under these circumstances, the prejudice to FATCO, when combined with Munro's delay in advancing a freestanding RESPA claim, undoubtedly establishes the trial court's denial of leave to amend was not an abuse of discretion. (*P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1345 [need for additional discovery supported denial of leave to amend]; *Green*, *supra*, 28 Cal.App.4th at 692.)

as Munro concedes, the proposed RESPA cause of action is not based on new facts.

DISPOSITION

The trial court's order is affirmed.  FATCO shall recover its costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.